ORIGINAL

# In the United States Court of Federal Claims

No. 13-664 C

(Filed April 9, 2014)

**FILED**

APR - 9 2014

U.S. COURT OF
FEDERAL CLAIMS

**UNPUBLISHED**

```
* * * * * * * * * * * * * *
                            *
KERRY A. GIBSON,            *
                            *   Pro Se Complaint; RCFC
        Pro Se Plaintiff,   *   12(b)(1); No Jurisdiction to
                            *   Review Denial of Workers'
    v.                      *   Compensation Benefits or to
                            *   Collaterally Attack Judgments of
THE UNITED STATES,          *   a United States District Court.
                            *
        Defendant.          *
                            *
* * * * * * * * * * * * * *
```

*Kerry A. Gibson*, St. Louis, MO, *pro se*.

*Scott Slater*, United States Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Bryant G. Snee*, Acting Director, *Scott D. Austin*, Assistant Director, Washington, DC, for defendant.[1]

---

## OPINION

---

**Bush**, *Senior Judge*.

---

[1] James W. Poirier of the United States Department of Justice became counsel of record for the United States after briefing of defendant's motion to dismiss was complete.

The court has before it defendant's motion to dismiss the complaint, filed under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Because the court lacks jurisdiction over plaintiff's claims, the court grants defendant's motion and must dismiss this case. The court's jurisdictional analysis is set forth below.

## BACKGROUND[2]

Mr. Gibson's *pro se* complaint addresses the actions of a number of federal agencies, including the Department of Veterans Affairs, Social Security Administration, Department of Labor, and the Army Corps of Engineers, and characterizes these actions as "constructive Bad Faith Insurance Handling."[3] Compl. at 1. According to the three-page complaint, which is not easily deciphered due to its cryptic and nonspecific nature, Mr. Gibson suffers from health problems and his requests to obtain a disability retirement or a workers' compensation settlement have been denied. *Id.* at 1-2. Most specifically, the complaint references a workplace accident that occurred on July 15, 2011 while plaintiff was a civilian employee of the Corps of Engineers, and a notice of decision issued by the Department of Labor's Office of Workers' Compensation Programs (OWCP) on August 21, 2013. *Id.* at 2.

In the prayer for relief presented in the complaint, Mr. Gibson seeks: (1) a declaratory judgment regarding these denials of benefits; (2) an order that defendant "take affirmative action to ensure that the activities complained of above never again are engaged in by them or any of their agents"; (3) an injunction against "discriminati[on] on the basis of familial status"; (4) compensatory and punitive damages; (5) attorneys' fees and costs; and, (6) any other relief the court should deem proper. Compl. at 2-3. His opposition brief suggests that the

---

[2]/ The facts recited here are taken from the unpaginated complaint. The court has supplied page numbers to the complaint submitted by plaintiff as well as to plaintiff's opposition brief.

[3]/ The complaint also alleges certain misdeeds of officials of the State of Missouri. This court has no jurisdiction over the actions of state officials and will not discuss further any allegations regarding state officials in the complaint. *See, e.g., Vlahakis v. United States,* 215 Ct. Cl. 1018, 1018 (1978).

2

purpose of Mr. Gibson's suit may be to set aside the dismissals of two suits he filed in the United States District Court for the Eastern District of Missouri which also targeted the actions of various federal agencies regarding his disability claims; these two suits were both dismissed for lack of jurisdiction. Pl.'s Opp. at 2 ("[P]laintiff challenge[s] the jurisdiction of the district court, and filed the appropriate action to set-aside the void judgments."); *see Gibson v. Army Corps of Engineers St. Louis*, No. 4:13-cv-01676-HEA, 2013 WL 6161120 (E.D. Mo. Nov. 25, 2013); *Gibson v. Social Sec. Admin.*, No. 4:13-cv-01417-HEA, 2013 WL 3941386 (E.D. Mo.), *aff'd*, 533 F. App'x 692 (8th Cir. 2013). Reading the complaint and plaintiff's opposition brief together, plaintiff seeks review in this court of at least one denial of federal benefits and may also attempt to collaterally attack the dismissals of his suits in the district court.

## DISCUSSION

### I. *Pro Se* Litigants

The court acknowledges that Mr. Gibson is proceeding *pro se* and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's opposition brief thoroughly and has attempted to discern all of plaintiff's claims and legal arguments.

### II. Jurisdiction

In order to determine its jurisdiction over plaintiff's suit, this court must presume all factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178,

3

189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States . . . ." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Id.* The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id.* "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government . . . .'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, this court lacks subject matter jurisdiction and must dismiss the action.

### III. Workers' Compensation Benefits Claim

As defendant argues, a denial of workers' compensation benefits by the Department of Labor's OWCP is not subject to review in this court. Def.'s Mot. at

4

4-5. Defendant relies in large part on *Gallo v. United States*, 76 Fed. Cl. 593 (2007), *aff'd*, 529 F.3d 1345 (Fed. Cir. 2008), for its analysis of relevant statutes and other authorities. Plaintiff makes no attempt to refute these authorities, and the court agrees with the holding in *Gallo* that this court "lacks jurisdiction over claims which question the Secretary's discretionary judgment regarding . . . whether a [workplace disability] claim warrants compensation." *Id.* at 608 (citation omitted). For this reason, the claim that appears to be the central focus of the *pro se* complaint before the court must be dismissed.

## IV.  Discrimination Claim

Although it is not entirely clear from the complaint, plaintiff appears to allege that the denials of his applications for disability benefits were the result of discrimination on the part of various federal agencies. Compl. at 1-2. Mr. Gibson invokes 42 U.S.C. § 1983 (2006) and the Fourth and Fourteenth Amendments to the United States Constitution as grounds for relief from discrimination. Compl. at 2. This court cannot adjudicate claims based on the constitutional provisions cited by plaintiff because they are not money-mandating. *See Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997) (holding that the Fourth Amendment is not money-mandating); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fourteenth Amendment is not money-mandating). Furthermore, this court cannot entertain claims based on section 1983 because such claims must be brought in a district court, not this court.[4] *See, e.g., Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013) (citation omitted). Because this court lacks jurisdiction over plaintiff's discrimination claim, that claim must be dismissed.

## V.  Injunctive or Declaratory Relief

Plaintiff also appears to seek injunctive and declaratory relief from this court. Compl. at 2. This court does not possess equitable powers that could

---

[4] The district court has twice rejected this discrimination claim. *See Gibson v. Army Corps of Engineers St. Louis*, No. 4:13-cv-01676-HEA, 2013 WL 6161120 (E.D. Mo. Nov. 25, 2013) (rejecting complaint filed Aug. 26, 2013 which invoked the Fourth and Fourteenth Amendments and section 1983); *Gibson v. Social Sec. Admin.*, No. 4:13-cv-01417-HEA, 2013 WL 3941386 (E.D. Mo. July 31, 2013) (rejecting complaint filed July 19, 2013 which invoked the Fourth and Fourteenth Amendments and section 1983).

conceivably assist plaintiff. *See, e.g., Brown*, 105 F.3d at 624 (stating that such demands "for declaratory or injunctive relief[] are also outside the jurisdiction of the Court of Federal Claims"). For this reason, the court must dismiss any and all requests for injunctive or declaratory relief in the complaint.

## VI. Collateral Attack on the Judgments of a District Court

In plaintiff's opposition brief Mr. Gibson apparently seeks relief from what he terms the "void judgments" of the district court which dismissed similar, if not identical, disability benefits claims for lack of jurisdiction. *See* Pl.'s Opp. at 2-6. This court does not possess jurisdiction to review decisions of federal district courts. *See, e.g., Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (stating that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts"). To the extent that Mr. Gibson's suit in this court attempts to collaterally attack other court decisions, any such claim must be dismissed for lack of jurisdiction.

## VII. Denials of Other Federal Benefits

The complaint vaguely alludes to denials of other disability benefits by federal agencies. *See* Compl. at 1 (listing agencies that "collectively . . . den[ied] applicant's application benefit entitlements to disability retirement (sic)). Attached to the complaint in an unpaginated and unindexed appendix are a variety of communications from federal agencies, along with various medical records. To the extent that plaintiff may be seeking review of denials of benefits by the Social Security Administration and/or the Department of Veterans Affairs, the court does not possess jurisdiction over such claims. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (holding that this court has no jurisdiction over claims contesting the denial of Social Security disability benefits) (citations omitted); *Pope v. United States*, 77 Fed. Cl. 737, 740 (2007) (holding that this court has no jurisdiction over claims contesting the denial of veterans' disability benefits) (citations omitted). Thus, to the extent that the complaint could be construed to contest the denial of federal disability benefits by the Social Security Administration and/or the Department of Veterans Affairs, these claims, too, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

This court lacks jurisdiction over the claims in the complaint filed by plaintiff.[5] Accordingly, it is hereby **ORDERED** that

(1) Defendant's Motion to Dismiss, filed November 12, 2003, is **GRANTED**;

(2) The Clerk's office is directed to **DISMISS** the complaint for lack of subject matter jurisdiction, without prejudice; and

(3) No costs.

LYNN J. BUSH
Senior Judge

---

[5] Transfer of plaintiff's complaint to another federal court would not be in the interest of justice. Substantially similar, if not identical, claims have been twice rejected by the United States District Court for the Eastern District of Missouri.